## DILLARD *v.* PARKER, *et al.*

BILL OF EXCEPTIONS—*must set out or identify written evidence.* The *bill of exceptions* must either set out at length, *or* sufficiently identify, the written evidence used on the trial.

It is *not sufficient* for the bill of exceptions to simply describe the document used in evidence.

Oral or written testimony constitute no part of the record, unless expressly made so by order of court, agreement of parties, demurrer, oyer, bill of exceptions, or special verdict.

The party making up the bill of exceptions may obtain an order of the court compelling the opposite party to file documents used on the trial.

*Error to Sebastian Circuit Court.*

Hon. E. J. SEARLE, Circuit Judge.

SOL. F. CLARK, for plaintiff.

The case of *Taylor v. Spears,* 8 *Ark.,* 429, is not sustained by the authorities. *Barrett v. Tazwell,* 1 *Cal.,* 215 ; *Beatu v. Tabbs, admr.,* 2 *Munf.,* 254; *Fowler v. Lee,* 4 *Munf.,* 373; *Brooks v. Young,* 3 *Rand.,* 106 ; *Houston v. Cole,* 1 *Rand.,* 461; *Thompson v. Cummings,* 2 *Leigh,* 322 ; *Karnes v. Phillip's,* 1 *Leigh,* 483; *Rankin v. Holloway,* 3 *S. & M.,* 614.

This case is not within the case of *Taylor v. Spears.* Because in *that* case the absent documents were not made a part of the bill of exceptions in the first place, for they were neither put into the bill, nor filed and made a part of it by order of the court, and the court indicate that if they had been originally made a part of the record, in either of these ways, they would have granted a new trial. The case was exactly, therefore, like the case of *Rankin v. Holloway,* above cited.

But in this case the documents were made a part of the record in the latter mode, i. e., by an order of the court ordering them filed and made a part of the bill of exceptions. See

bill of exceptions, in the transcript. We are therefore within the case of *Saxon v. Brock*, 15 *Ark.*, 345, and cases there cited.

*Taylor v. Spears*, we think, was decided upon the express ground that the evidence had never been put upon the record; and not that it had failed to get into this court by fraud or accident, or mistake; which is not the case here.

GARLAND & NASH, for defendant.

The plaintiff did not prove either her legal estate in the premises nor her right of entry. *Daniel v. Lefevre*, 19 *Ark.*, 201.

Mrs. Dillard could not, on mere motion, after the decree was made final and enrolled, correct it. The proceeding is a nullity on its face. *Keats v. Rector*, 1 *Ark.*, 391; 2 *Daniel Ch. Pr.*, 1232, *et seq.*, and notes. In no way could this be done, save by bill of review. 21 *Ark.*, 528; 17 *ib.*, 45; 14 *ib.*, 568.

The entry, that it was by consent, is of no force; as the case stands, there were rights of a minor in the case. *Trapnall v. Burton*, 24 *Ark.*, 371. This is an absolute nullity. 7 *Johns.*, 557; *Macnamara on Nullities, p. 2 and 3.*

The case of *Taylor v. Spears*, 8 *Ark.*, 429, has never been overruled; but, on the contrary, has been affirmed and reaffirmed by this court. *Bankhead v. Hubbard*, 14 *Ark.*, 300; *Moss v. State*, 17 *Ark.*, 327; *Jordan v Adams*, 2 *Eng.*, 350; *Everett v. Clements*, 4 *ib.*, 480.

McCLURE, J.

The plaintiff commenced an action of ejectment against one William Parker, in the Sebastian county circuit court. At the October term, 1867, Parker moved for an order making Elias Rector and James M. Collins, from and through whom he claims title, co-defendants; and on consent and appearance of their attorney, it was so ordered. The defendants pleaded not guilty, and the plaintiff joined issue. The cause was submitted to the court, sitting as a jury, and the court found for

the defendants. The plaintiff made a motion for a new trial upon the following grounds:

1. Because the decision of the court is contrary to law.

2. Because the decision of the court is contrary to the evidence.

3. Because the court erred in admitting the written documents, purporting to be a transcript of the record of the United States District Court for the western district of Arkansas, as evidence.

This motion the court overruled; the plaintiff excepted, and the cause comes here on error.

What was intended as a bill of exceptions recites that the plaintiff, to maintain the issue on her part, introduced in evidence a transcript of the record of the proceedings of the circuit court of Sebastian county, in chancery sitting, at the August term, 1859, in the case of Sarah P. Dillard *v.* John J. Dillard, and the other heirs at law of John Dillard, deceased; that William A. Parker was in possession of the premises, as tenant of his co-defendant, at the time of the commencement of this suit; that said Sarah P. Dillard was in possession of said premises in 1859 and 1860, and again in 1865, from which she was ousted by said defendants; that the defendants, to maintain the issue on their part, gave in evidence to the court a transcript of the record and proceedings of the United States District Court for the western district of Arkansas, in a certain case between Archibald K. Gaines against John Carnall, administrator of John Dillard, deceased, Sally P. Dillard, widow, &c., and the heirs at law of John Dillard, deceased; a deed from Benjamin J. Jacoway to William Walker; a deed from John Henry to William Walker; and a deed from William Walker to Elias Rector, one of the defendants in this case. To the introduction of the record herein alluded to, and the deeds described, the plaintiff excepted. No other evidence was offered by either of the parties.

At the December term of this court the plaintiff suggested a diminution of the record in this case, showing:

1. That the transcript of the record of the United States

District Court for the western district of Arkansas, in the case of Archibald K. Gaines against John Carnall, administrator, Sarah P. Dillard, widow, and heirs at law of John Dillard, deceased.

2. That the deed from Benjamin J. Jacoway to William Walker, the deed from John Henry to William Walker, and the deed from William Walker to Elias Rector, are not copied into the record in this case; and prayed that a *certiorari* might issue to the clerk of Sebastian county, commanding him to certify to this court a full and complete transcript of the judgment and proceedings in that court. The writ was awarded, and the clerk certifies, in command thereto, "that the transcript and deed, wherein I am commanded to furnish, were never on file in my office, and that the same, as within named, were the individual property of Elias Rector, and that the same were used, by and with consent of parties, on the trial of said cause, and were withdrawn by said Rector, after said trial; and that I have asked said Rector to allow me the use of said transcript, for the purpose of making a copy of the same, which he has refused to do."

This court is now asked to examine the proceedings of the circuit court of Sebastian county, and ascertain from the record whether that court erred in refusing to grant a new trial.

As has been stated, the bill of exceptions in this case simply *describes* certain transcripts of records and deeds that were used in evidence on the trial of the cause in the court below. It is true that the bill of exceptions states that these deeds and transcripts are to be copied and made a part of the record; but, on examination of the same, we find that it was not done. This court held, in *Taylor v. Spears*, 8 *Ark.*, 429, "where papers are read in evidence by a party on a trial, and the opposite party takes a bill of exceptions, undertaking to set out the evidence, it is his duty *to insert such papers in his bill of exceptions;* and, if necessary, the court may compel the party who offers them in evidence to produce them for the purpose. If he neglects

(continues the learned judge) to insert them, or have them filed so that the clerk may insert them, it is his own fault, and he must suffer the consequences."

The bill of exceptions does not disclose the fact that this evi-. dence was ordered to be filed; and the return of the clerk is so emphatic on that point as to rebut all presumption that it was. Not one *scintilla* of the evidence offered by the defendants is before this court, and there are grave doubts as to whether there is any evidence offered by the plaintiff. Attached to this record is a paper purporting to be a copy of the transcript of a record, showing an assignment of dower to the plaintiff. This transcript is not referred to in the bill of exceptions, as hereto attached, or as marked " A," or " No. 1." There is nothing fixing its identity as being the transcript used on the trial. Chief Justice WATKINS held, in *Sexton v. Brooks*, 15 *Ark.*, 348, that, where the papers used in evidence are clearly identified by the bill of exceptions, they would be treated as though they had been set out at length. But, in the papers before us, there is no attempt at identification. Judge SCOTT, in *Berry v. Singer*, 10 *Ark.*, 491, says: " It may be doubted whether a *mere order* of court, (and that is all there was in this case,) placing evidence upon the record, unless in response to, or in connection with, or incidental to, some action of the court, in the regular progress of the cause, would legitimately place such evidence of record."

Judge LACY says, in *Lenox v. Pike*, 2 *Ark.*, 14, and the same is approved in *Berry v. Singer*, that " whatever is not necessary to be enrolled, such as oral and *written testimony*, constitute *no* part of the record, unless they are expressly made so *by order of the court*, by agreement of the parties, by demurrer, by oyer, by bill of exceptions, or by special verdict."

The order of the court to this end, if made at all, would appear on the records of the court. If an order of this kind exists, it is not shown in the record. If it existed, the Sebastian circuit court could compel the · defendants, by attachment, to produce the absent record and deeds. The absence

of any such an order is the best .evidence that it was never asked for.

The counsel for the plaintiff urges that the defect in the .transcript is only *apparent*, and not *real*, because the clerk certifies that it is a full and complete transcript of the record, and that the bill of exceptions certifies that *it* contains all the evidence, therefore this court must not regard the apparent defect. The bill of exceptions contains no evidence—it merely describes certain papers and deeds that were used in the progress of the suit, and which the plaintiff wholly neglected to have placed of record. The diminution of the record was suggested by the plaintiff, and against the certificate of the clerk that the record contained a full and true transcript of the papers on file in the case; and now, because the defendants will not voluntarily surrender their muniments of title to the inspection of this court, for the purpose of having it say whether a new trial ought to have been granted, we are asked to reverse the judgment. If we should reverse this judgment because the defendants will not submit their evidences of title, or because the evidence does not appear of record, a precedent would be set whereby the defeated party might reverse almost any judgment of the circuit court. All that the losing party would have to do would be to object to all the evidence introduced by the other party, without assigning any reason therefor, and, if defeated, make a motion for a new trial for the causes assigned in this case ; make up a bill of exceptions, describing the evidence used by himself and that used by the successful party; be careful to attach his own evidence to the record, and let the other party take his evidences of title home with him ; bring up the record by writ of error and suggest a diminution of the record, and let the clerk certify, as is done in this case, that the papers are not and have never been on file in his office; and then convince this court that the ends of justice would be best promoted by allowing an individual to take the advantage of his own laches or cupidity.

A bill of exceptions is the means by which matters are

placed of record that occur during the trial of a cause, that, but for such bill of exceptions, would not appear of record. What thing, or matter of evidence, is placed of record in this case by what is called a bill of exceptions? Certainly not the evidence offered by the defendant in this case; and, failing in this, it fails to accomplish the object for which it was designed. It is not absolutely necessary that the documentary evidence should be inserted at length in the bill of exceptions, although it would be better to do so. It will be sufficient if the documentary evidence is described in the bill of exceptions, and referred to as being exhibit A, B, or C, as the case may be. The description of a deed from John Doe to Richard Roe, without mentioning the date, or making any other reference by which it may be identified, is entirely too loose a manner of doing business, as John Doe may have executed a half dozen deeds to Richard Roe, and for as many different tracts of land.

The hardships that may result, or the inconvenience that may be attendant upon an affirmation of this judgment, are matters that we may deprecate, as individuals, but, as sworn officers of the law, we can not disregard the adjudications of other courts to make this cause an exception to the general rule. If we are to decide that a lower court erred in refusing to grant a new trial, or in the admission of evidence, the party complaining must place the facts or rulings before us, by which he or she thinks they may have been aggrieved. It will not do to come into this court and say that the absent evidence is in possession of the winning party and can not be obtained. It was before the court, and the exercise of ordinary professional intelligence would have placed the evidence where it could have been examined or copied at any time.

Judgment affirmed.